TERESA C. CHOW (SBN 237694)
*tchow@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:  310.820.8800
Facsimile:   310.820.8859

*Attorneys for Defendants*
LEARFIELD COMMUNICATIONS, LLC
and SIDEARM SPORTS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY HEERDE and MARK HAINES, individually and on behalf of all others similarly situated, | Case No.:  2:23-cv-04493-FLA-MAAx |
| Plaintiffs, | **FED. R. CIV. P. 5.1 NOTICE OF CONSTITUTIONAL QUESTION** |
| v. | *[Filed Concurrently With Notice of Motion; Memorandum Of Points And Authorities; And (Proposed) Order]* |
| LEARFIELD COMMUNICATIONS, LLC, SIDEARM SPORTS, LLC, and UNIVERSITY OF SOUTHERN CALIFORNIA, | DATE:          October 20, 2023<br>TIME:          1:30 p.m.<br>CTRM:         6B |
| Defendants. | Case Filed:      06/08/2023 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE HONORABLE COURT, THE UNITED STATES ATTORNEY GENERAL, AND PLAINTIFFS AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE THAT** pursuant to Fed. R. Civ. P. 5.1(a)(1)(B), that Defendants Learfield Communications LLC and Sidearm Sports, LLC ("Defendants") Motion to Dismiss Plaintiffs' Complaint (the "Motion") filed in the above-captioned action questions the constitutionality of the federal Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"). Specifically, Defendants argue in their Motion that the VPPA is an unconstitutional restraint on speech in violation of the First Amendment of the United States Constitution. A copy of Defendants' Motion and supporting Memorandum are attached hereto as Exhibit A. Service of the instant notice has been made upon the United States Attorney General.

Respectfully submitted,

Dated: September 21, 2023     **BAKER & HOSTETLER LLP**

By:   */s/ Teresa C. Chow*
        TERESA C. CHOW

*Attorneys for Defendants*
LEARFIELD COMMUNICATIONS, LLC
AND SIDEARM SPORTS, LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT A

1  TERESA C. CHOW (SBN 237694)
   *tchow@bakerlaw.com*
2  **BAKER & HOSTETLER LLP**
   11601 Wilshire Boulevard, Suite 1400
3  Los Angeles, CA 90025-0509
   Telephone: 310.820.8800
4  Facsimile: 310.820.8859

5  *Attorneys for Defendants*
   LEARFIELD COMMUNICATIONS, LLC
6  and SIDEARM SPORTS, LLC

7              **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9  EMILY HEERDE and MARK              Case No.: 2:23-cv-04493-FLA-MAAx
   HAINES, individually and on behalf of
10 all others similarly situated,        **NOTICE OF MOTION AND**
                                         **DEFENDANTS LEARFIELD**
11           Plaintiffs,                 **COMMUNICATIONS, LLC'S AND**
                                         **SIDEARM SPORTS, LLC'S RULE**
12       v.                             **12(B)(6) AND 12(B)(7) MOTION TO**
                                         **DISMISS PLAINTIFFS'**
13 LEARFIELD COMMUNICATIONS,            **COMPLAINT**
   LLC, SIDEARM SPORTS, LLC, and
14 UNIVERSITY OF SOUTHERN              *[Filed Concurrently with Memorandum*
   CALIFORNIA,                          *of Points and Authorities; Fed. R. Civ.*
15                                       *P. 5.1 Notice of Constitutional*
             Defendants.                 *Question; and (Proposed) Order]*
16
17
18                                       DATE:        October 20, 2023
                                         TIME:        1:30 p.m.
19                                       CTRM:        6B
20                                       Case Filed:  06/08/2023
21

22       **TO THE HONORABLE COURT, AND TO PLAINTIFFS, AND THEIR**

23  **COUNSEL OF RECORD HEREIN:**

24       **PLEASE TAKE NOTICE THAT** on October 20, 2023, at 1:30 p.m., or as

25  soon thereafter as counsel may be heard, in Courtroom 6B of the United States

26  District Court, Central District of California, Western Division, located at 350 W. 1st

27  Street, Los Angeles, California, 90012, Defendants Learfield Communications LLC

28

1
DEFENDANTS' NOTICE OF MOTION AND 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

4

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  and Sidearm Sports, LLC ("Defendants") will and hereby do move this Court for an
2  order dismissing Plaintiffs' Complaint with prejudice.

3      This Motion is made pursuant to Fed. R. Civ. P. 12(b)(6) for Plaintiffs' failure
4  to state a claim upon which relief may be granted. Specifically, Plaintiffs fail to allege
5  essential elements of a claim under the Video Privacy Protection Act ("VPPA"), 18
6  U.S.C. § 2710, including failing to allege that Defendants are "video tape service
7  providers," that Plaintiffs are "consumers" protected by the VPPA, that Defendants
8  disclosed "personally identifiable information," or did so knowingly. Further, the
9  VPPA is an unconstitutional restraint on speech in violation of the First Amendment
10 of the U.S. Constitution, both on its face and as applied to Defendants.

11      Plaintiffs further fail to state a claim for violation of California's invasion of
12 privacy act, Cal. Penal Code § 631 or 635, or common law invasion of privacy
13 because Plaintiffs do not have a reasonable expectation of privacy in their web
14 browsing data, amongst several other reasons. Plaintiffs also fail to state a claim for
15 violation of the federal Wiretap Act, 18 U.S.C. § 2510 because Plaintiffs consented
16 to the disclosure and the contents of the communications were not disclosed.

17      This Motion is further made pursuant to Fed. R. Civ. P. 12(b)(7) for failure to
18 join USC, an indispensable party.

19      Defendants' Motion is based on this Notice of Motion, the supporting
20 Memorandum of Points and Authorities, the pleadings and papers on file in this
21 action, and upon such further argument and evidence as may be presented prior to or
22 at the hearing of this Motion. This Motion is made following the conference of
23 counsel pursuant to L.R. 7-3 which took place on August 29, 2023.

24
25
26
27
28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

2
DEFENDANTS' NOTICE OF MOTION AND 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

Respectfully submitted,

Dated: September 22, 2023    **BAKER & HOSTETLER LLP**

By:    */s/ Teresa C. Chow*
       TERESA C. CHOW

*Attorneys for Defendants*
LEARFIELD COMMUNICATIONS, LLC
AND SIDEARM SPORTS, LLC

DEFENDANTS' NOTICE OF MOTION AND 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

# Applications/Ex Parte Applications/Motions/Petitions/Requests

2:23-cv-04493-FLA-MAA Emily
Heerde et al v. Learfield
Communications, LLC et al

ACCO,
(MAAx),DISCOVERY,MANADR

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Chow, Teresa on 9/21/2023 at 4:43 PM PDT and filed on 9/21/2023
**Case Name:**        Emily Heerde et al v. Learfield Communications, LLC et al
**Case Number:**    2:23-cv-04493-FLA-MAA
**Filer:**                 Learfield Communications, LLC
                          Sidearm Sports, LLC

**Document Number:** 38

**Docket Text:**
**NOTICE OF MOTION AND MOTION to Dismiss Case filed by Defendants Learfield Communications, LLC, Sidearm Sports, LLC. Motion set for hearing on 10/20/2023 at 01:30 PM before Judge Fernando L. Aenlle-Rocha. (Attachments: # (1) Memorandum, # (2) Proposed Order) (Chow, Teresa)**

**2:23-cv-04493-FLA-MAA Notice has been electronically mailed to:**

Adam Marc Apton      aapton@zlk.com, ecf@zlk.com

Adrian Robert Bacon      abacon@toddflaw.com, abacon@attorneysforconsumers.com, ecampany@toddflaw.com

Mark S. Reich      mreich@zlk.com, aherda@zlk.com, ecf@zlk.com

Michael L. Mallow      mmallow@shb.com, dhillburn@shb.com, michael-mallow-1878@ecf.pacerpro.com

Rachel Aleeza Straus      rstraus@shb.com, dhillburn@shb.com, rachel-straus-7599@ecf.pacerpro.com

Teresa C. Chow      tchow@bakerlaw.com, nbrazil@bakerlaw.com

**2:23-cv-04493-FLA-MAA Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\Learfield (Heerde) - Notice of Motion to Dismiss.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/21/2023] [FileNumber=36582501-0
] [42e85bb719ded4b7759638addfd43f8d1e2a03303bd6d446fe0a30fe5b88e166922
7d716beb6e363618992614afe38332e66589f273941608d8b74966b0efb8d]]
**Document description:**Memorandum
**Original filename:**C:\fakepath\Learfield (Heerde) - Memo iso Motion to Dismiss.pdf
**Electronic document Stamp:**

**7**

[STAMP cacdStamp_ID=1020290914 [Date=9/21/2023] [FileNumber=36582501-1
] [acea0c55be32827a6dda318fed10ab7c31ee701c8fc2a8537d08a7d4b04e24a961c
0fbeebfafbaa13d6546e52056252a954b0b8d4a5b1facd366e21c215069fa]]

**Document description:**Proposed Order
**Original filename:**C:\fakepath\Learfield (Heerde) - Proposed Order to Dismiss.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/21/2023] [FileNumber=36582501-2
] [a5f00fb4ebf86e0b0f072019edee0f445d838062ac49f4632097c00808cea6af49f
50650179f976fd7c7fbef3239a0af53d52dec743316151830ccd9e8528af7]]

TERESA C. CHOW (SBN 237694)
*tchow@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859

*Attorneys for Defendants*
LEARFIELD COMMUNICATIONS, LLC
and SIDEARM SPORTS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY HEERDE and MARK HAINES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEARFIELD COMMUNICATIONS, LLC, SIDEARM SPORTS, LLC, and UNIVERSITY OF SOUTHERN CALIFORNIA,<br><br>Defendants. | Case No.: 2:23-cv-04493-FLA-MAAx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' RULE 12(B)(6) AND 12(B)(7) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>*[Filed Concurrently with Notice of Motion; Fed. R. Civ. P. 5.1 Notice of Constitutional Question; and (Proposed) Order]*<br><br>Date:  October 20, 2023<br>Time:  1:30 p.m.<br>Courtroom:  6B<br><br>Case Filed:  06/08/2023 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' RULE 12(B)(6) AND 12(B)(7) MOTION TO DISMISS PLAINTIFFS' COMPLAINT CASE NO.: 2:23-CV-04493-FLA-MAAx

9

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# **TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION ............................................................................................. 9

BACKGROUND .............................................................................................. 10

STANDARD OF LAW .................................................................................... 10

ARGUMENT .................................................................................................... 11

    A.    Plaintiffs Fail To State A Claim For Violation Of The VPPA. .......... 11

             i.    Plaintiffs Do Not Allege Learfield Are "VTSPs." ................... 11

             ii.    Plaintiffs Do Not Allege That They Are "Consumers." ........... 12

             iii.    Plaintiffs Do Not Allege That Learfield Disclosed PII. .......... 13

             iv.    Plaintiffs Do Not Allege Learfield Knowingly Disclosed PII. ..................................................................................................... 14

    B.    The VPPA, As Applied To Learfield, Violates The First Amendment. ..................................................................................... 18

    C.    Certain Parts Of The VPPA Are Facially Unconstitutional. .............. 18

    D.    Plaintiffs Fail To State A Claim For Violation Of The CIPA. .......... 20

             i.    Plaintiffs Have Not And Cannot State A Claim For Violation Of CIPA Because Plaintiffs Have No Reasonable Expectation Of Privacy In Their Browsing Information. ..................................................................... 21

             ii.    Contents of communications were not disclosed. ................... 21

             iii.    Plaintiffs Fail To Allege An Underlying Violation Of § 631(a)'s First Clause For "Intentional Wiretapping." ............. 23

             iv.    Plaintiffs Fail To Allege An Underlying Violation Of § 631(a)'s Second and Third Clause. .......................................... 24

             v.    Plaintiffs Fail To Allege An Underlying Violation Of § 631(a)'s Fourth Clause. ........................................................ 26

    E.    Plaintiffs Fail To State A Claim For Violation Of CIPA § 635. ........ 27

    F.    Plaintiffs Fail To State A Claim For Invasion Of Privacy ................. 28

    G.    Plaintiffs Fail To State A Claim For Violation Of The Wiretap Act. .................................................................................................. 28

             i.    All Parties consented to the disclosure. .................................. 29

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

10

ii.  "Contents" of communication were not disclosed. .................. 29

iii.  The Information Was Not "Intercepted." .................................. 30

H.  Complaint Should Be Dismissed Because USC Is An
Indispensable Party. ....................................................................... 30

CONCLUSION ............................................................................................................ 30

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.:  2:23-CV-04493-FLA-MAAx

11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adler v. Community.com, Inc.*,
  2021 WL 4805435 (C.D. Cal. Aug. 2, 2021) .................................................. 18

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .......................................................................................... 3

*Barr v. Am. Ass'n of Political Consultants, Inc.*,
  140 S. Ct. 2335 (2020) ................................................................................... 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................... 2, 3

*Broadrick v. Oklahoma*,
  413 U.S. 601 (1973) ........................................................................................ 11

*Brodsky v. Apple Inc.*,
  445 F. Supp. 3d 110 (N.D. Cal. 2020) ............................................... 13, 14, 15

*Brown v. Entertainment Merchants Assoc.*,
  131 S.Ct. 2729 (2011) ..................................................................................... 11

*Byars v. Hot Topic, Inc.*,
  2023 WL 2026994 (C.D. Cal. Feb. 14, 2023) ................................................ 16

*Byars v. Tire*,
  2023 U.S. Dist. LEXIS 22337 (C.D. Cal. Feb. 3, 2023) ................................. 13

*Cantu v. Tapestry, Inc.*,
  2023 WL 4440662 (S.D. Cal. Jul. 10, 2023) .................................................... 4

*Carroll, v. General Mills, Inc.*,
  2023 WL 4361093 (C.D. Ca. Jun. 26, 2023) .................................................... 4

*Carter v. Scripps Networks, LLC*,
  2023 WL 3061858 (S.D.N.Y. Apr. 24, 2023) ............................................... 4, 5

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

*Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*,
447 U.S. 557 (1980) ........................................................................ 11

*Daniel v. Cantrell*,
375 F.3d 377 (6th Cir. 2004) .......................................................... 12

*Eichenberger v. ESPN, Inc.*,
2015 WL 7252985 (W.D. Wash. May 7, 2015) ............................... 7

*Ellis v. Cartoon Network, Inc.*,
2014 WL 5023535 (N.D. Ga. Oct. 8, 2014) ..................................... 7

*Ellis v. Cartoon Network*,
Inc. 803 F.3d 1251 (11th Cir. 2015) ............................................... 7

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) .......................................................... 9

*Folgelstrom v. Lamps Plus, Inc.*,
195 Cal. App. 4th 986, 125 Cal. Rptr. 3d 260 (2011), *as modified*
(June 7, 2011) ................................................................................ 20

*Free Enterprise Fund v. Public Company Accounting Oversight Bd.*,
561 U.S. 477 (2010) ........................................................................ 12

*Gardener v. MeTV*,
2023 WL 4365901 (N.D. Ill. Jul. 6, 2023) ...................................... 5

*Gilday v. Dubois*,
124 F.3d 277 (1st Cir.1997) ........................................................... 21

*In re Google Assistant Priv. Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) ........................................... 15

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) ............................... 13, 14, 18

*In re Hulu Priv. Litig.*,
2014 WL 1724344 (N.D. Cal. Apr. 28, 2014) ................................. 7

*Hunthausen v. Spine Media, LLC*,
2023 WL 4307163 (S.D. Ca. Jun. 21, 2023) ................................... 5

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

5
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

13

*Jefferson v. Healthline Media, Inc.*,
  2023 WL 3668522 (N.D. Cal. May 24, 2023) ...................................................... 5

*Konop v. Hawaiian Airlines, Inc.*,
  302 F.3d 868 (9th Cir. 2002) ............................................................................. 17

*Licea v. Am. Eagle Outfitters, Inc.*,
  2023 WL 2469630 (C.D. Cal. Mar. 7, 2023) .................................................... 17

*Licea v. Vitacost.com, Inc.*,
  2023 WL 5086893 (S.D. Cal. July 24, 2023) ....................................... 15, 16, 19

*Martin v. Sephora USA, Inc.*,
  2023 WL 2717636 (E.D. Cal. Mar. 30, 2023) ................................................... 16

*Massie v. Gen. Motors LLC*,
  2022 WL 534468 (D. Del. Feb. 17, 2022) ......................................................... 13

*Mastel v. Miniclip SA*,
  549 F. Supp. 3d 1129 (E.D. Cal. 2021) ................................................. 12, 15, 17

*Matera v. Google Inc.*,
  2016 WL 8200619 (N.D. Cal. Aug. 12, 2016) .................................................. 13

*McCoy v. Alphabet, Inc.*,
  2021 WL 405816 (N.D. Cal. Feb. 2 2021) ........................................................ 14

*In re Meta Pixel Healthcare Litig.*,
  2022 WL 17869218 (Dec. 22, 2022, N.D. Cal. 2022) ........................................ 9

*Mintz v. Mark Bartelstein & Assocs. Inc.*,
  906 F. Supp. 2d 1017 (C.D. Cal. 2012) ............................................................ 17

*Mount v. PulsePoint, Inc.*,
  2016 WL 5080131 (S.D.N.Y. Aug. 17, 2016) .................................................... 9

*In re Nickelodeon Consumer Privacy Litig.*,
  827 F.3d 262 (3d Cir. 2016) .......................................................................... 5, 7, 8

*NovelPoster v. Javitch Canfield Grp.*,
  140 F. Supp. 3d 938 (N.D. Cal. 2014) .............................................................. 17

*Pena v. GameStop, Inc.*,
  2023 WL 3170047 (S.D. Cal. Apr. 27, 2023) .................................................... 17

6
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.:  2:23-CV-04493-FLA-MAAx

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Robinson v. Disney Online*,
    152 F. Supp. 3d 176 (S.D.N.Y. 2015) .............................................. 6, 7

*Rogers v. Ulrich*,
    52 Cal. App. 3d 894, 125 Cal.Rptr. 306 (Ct. App. 1975) .................... 15

*Salazar v. National Basketball Ass'n.*,
    2023 WL 5016968 (S.D.N.Y. Aug. 7, 2023) .................................... 5

*Salazar v. Paramount Global d/b/a 247Sports*,
    2023 WL 4611819 (S.D.N.Y. Apr. 24, 2023) ................................. 5

*Smith v. Facebook, Inc.*,
    262 F. Supp. 3d 943 (N.D. Cal. 2017) ........................................... 17

*Tavernetti v. Sup. Ct. of San Diego Cty.*,
    22 Cal. 3d 187 (Cal. 1978) ........................................................ 12

*Tawam v. Feld Ent. Inc.*,
    2023 WL 5599007 (S.D. Cal. July 28, 2023) .................................. 5

*U.S. v. Avecedo-Lemus*,
    2016 WL 4208436 (C.D. Cal. Aug. 8, 2016) ................................... 13

*U.S. v. Forrester*,
    512 F.3d 500 (9th Cir. 2008) ..................................................... 13

*U.S. v. Heckenkamp*,
    482 F.3d 1142 (9th Cir. 2007) ................................................... 13

*United States v. Reed*,
    575 F.3d 900 (9th Cir.2009) ...................................................... 21

*In re Vizio, Inc., Consumer Priv. Litig.*,
    238 F. Supp. 3d 1204 (C.D. Cal. 2017) ......................................... 3

*Warden v. Kahn*,
    99 Cal. App. 3d 805, 160 Cal.Rptr. 471 (Ct. App. 1979) .................... 15

*Williams v. What If Holdings, LLC*,
    2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ......................... 15, 18

*Yale v. Clicktale Inc.*,
    2021 WL 1428400 (N.D. Cal. Apr. 15 2021) ............................ 14, 19

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

15

*Yoon v. Lululemon, USA Inc.*,
  549 F. Supp. 3d 1073 (C.D. Cal. 2021)........................................................ 14, 19

*In re Zynga Priv. Litig.*,
  750 F.3d 1098 (9th Cir. 2014) ................................................................. 21

**Statutes**

18 U.S.C.A. § 2511 ..................................................................................... 20, 21

18 U.S.C. § 2510 *et seq.* .............................................................................. 1, 21

18 U.S.C. § 2710 *et seq.* ............................................................................ *passim*

Cal. Penal Code § 631 *et seq.* ....................................................... 1, 12, 15, 16

Cal. Penal Code § 635 *et seq.* ....................................................................... 1, 19

Cal. Penal Code § 637.2 *et seq.* ....................................................................... 19

**Rules**

F.R.C.P. 12(b)(7) ........................................................................................... 22

F.R.C.P. 19(a) ............................................................................................... 22

Rule 12(b)(6) .................................................................................................. 2

**Other Authorities**

https://www.merriam-webster.com/dictionary/cookie (last visited
  September 12, 2023)...................................................................................... 9

S. REP. 599, 12, 1988 U.S.C.C.A.N. 4342-1, 4342-9............................................ 5

U.S. Const. amend I ........................................................................................ 11

Webster's Ninth New Collegiate Dictionary 630 (1985) ........................................ 17

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

**INTRODUCTION**

Plaintiffs' Complaint against Learfield Communications, LLC and Sidearm Sports, LLC (collectively, "Learfield") alleges violations of the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.* ("VPPA"), California's Invasion of Privacy Act, Cal. Penal Code § 631 and § 635, the federal Wiretap Act, 18 U.S.C. § 2510 *et seq.* (Wiretap Act"), and a common law claim of invasion of privacy. Plaintiffs allege that, through web services Learfield provided for the University of Southern California's ("USC") website, www.usctrojans.com (the "Website") and other teams' websites (the "Team Websites"),[1] Learfield and USC collectively violated the above statutes by allegedly utilizing various tracking tools on the Team Websites including Google, Meta, Oracle, The Trade Desk, and comScore (the "Third Parties") to track Plaintiffs' website usage (the "Pixel").

Plaintiffs do not state claims against Learfield. Plaintiffs fail to allege a VPPA claim because they do not allege that they are "consumers," Learfield are video tape service providers ("VTSPs"), or an *ordinary person* would be able to glean their video viewing history from the information allegedly shared to any third parties.

Plaintiffs' Wiretap Act, CIPA, and invasion of privacy claim also fail for a myriad of reasons, including because Plaintiffs consented to the use of certain cookies. Further, the type of alleged communications are not protected by CIPA or the Wiretap Act. Finally, Plaintiffs had no reasonable expectation of privacy in the information. Plaintiffs' Complaint should be dismissed with prejudice.[2]

---

[1] Plaintiffs do not allege that they visited any Team Websites, only the USC Website.
[2] In the event Plaintiffs' Complaint is not dismissed in its entirety, Learfield intends to file a motion to transfer this action to the Northern District of New York where Learfield will transfer three other pending VPPA cases brought against the same Learfield entities by the same Plaintiffs' firm in *Brown v. Learfield Communications, LLC, et al.*, No. 1:23-cv-00374 (W.D. Tex.); *Edwards v. Learfield Communications, LLC, et al.*, No. 1:23-cv-00065 (N.D. Fla.); and *Peterson v. Learfield Communications, LLC, et al.*, No. 8:23-cv-00146 (Dist. Neb.).

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## BACKGROUND

Plaintiffs allege Learfield Communications "is a collegiate sports marketing company," and Sidearm is a "provider of collegiate athletic web solutions" that "manages websites and mobile platforms, as well as provide[s] the hosting and infrastructure, for colleges and high schools." (Plaintiffs' Complaint ("Compl.") ¶¶ 30-31, 72.) Plaintiffs allege that "[i]n or about 2019, Ms. Heerde subscribed to the USC Trojans e-newsletters," (*id*. ¶ 28), and "[i]n or about 2015, Mr. Haines subscribed to the USC Trojans newsletter." (*Id*. ¶ 29.) Plaintiffs allege that USC and Learfield "are video service providers in that they provided pre-recorded audio-visual materials to Plaintiffs and Class members on their Team Website." (*Id*. ¶ 54.) Specifically, Plaintiffs allege Learfield "develop[s], operate[s], and own[s] the Trojans Website" and "effectively retain[s] complete control of the Trojans Website." (*Id*. ¶ 95.) Plaintiff alleges Learfield "utilize[s] and employ[s] tracking tools" including Google, Facebook, Oracle's Eloqua, Trade Desk and comScore. (*Id*. ¶¶ 33-37.)

Plaintiffs allege that the use of the Facebook Pixel on the Team Website violates the VPPA because "Plaintiffs' personal viewing information was knowingly and systematically disclosed to Facebook, without obtaining their consent." (*Id*. ¶ 96.) Plaintiffs further allege that in violation of the Wiretap Act "[w]hile communicating on the Team Websites, users had the contents of their communications shared with Operator Defendants and the tracking entities," (*id*. ¶ 62) and that their CIPA claim is analogous to their Wiretap claim. (*Id*. ¶ 70.)

## STANDARD OF LAW

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

18

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

### A.    Plaintiffs Fail To State A Claim For Violation Of The VPPA.

To state a claim under the VPPA, plaintiff must allege that defendant (1) is a video tape service provider; (2) who knowingly disclosed to any person; (3) personally identifiable information; (4) concerning any consumer. *See* 18 U.S.C. 2710(b)(1).

#### i.    *Plaintiffs Do Not Allege Learfield Are "VTSPs."*

A VTSP is "any person, ***engaged in the business***, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials . . . ." 18 U.S.C. § 2710(a)(4) (emphasis added). Plaintiffs make no allegations regarding "prerecorded video cassette tapes," nor that Learfield is "engaged in the business" of rental, sale or delivery of "similar audio-visual materials." 18 U.S.C. § 2710(a)(4). Plaintiffs' failure to allege Learfield is a VTSP cannot be fixed by amendment because Learfield's business does not fall within the statutory language. To be "engaged in the business" of a particular activity, that activity must be the company's means of support or subsistence. *See In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1221 (C.D. Cal. 2017) ("the defendant's product must not only be substantially involved in the conveyance of video content to consumers but also significantly tailored to serve that purpose"). Delivering video content must be "a focus of the defendant's work" and businesses only "peripherally or passively involved in video content delivery do not fall within the statutory definition of a video tape service provider." *Id.* at 1221-22.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

Plaintiffs do not allege Learfield is substantially involved in the conveyance of video content on the Team Websites. *See Carroll, v. General Mills, Inc*., No.CV231746DSFMRWx, 2023 WL 4361093 at *3-4 (C.D. Ca. Jun. 26, 2023) ("[t]he few allegations in the FAC about General Mills' business are conclusory and, at most, indicate that General Mills provides videos as a peripheral part of its marketing strategy" and "[t]he videos on the website are part of Defendant's brand awareness, but they are not Defendant's particular field of endeavor. Nothing suggests that Defendant's business is centered, tailored, or focused around providing and delivering audiovisual content."); *Cantu v. Tapestry, Inc.*, No. 22-cv-1974- BAS-DDL, 2023 WL 4440662 (S.D. Cal. Jul. 10, 2023) (dismissing VPPA claim for failure to allege facts supporting an inference that "[d]efendant or Coach's enterprise is 'significantly tailored' to achieving such a purpose.")

Rather, Plaintiffs simply allege Learfield drafts code to support the universities' ability to provide videos on their own Team Websites and host the videos on the Team Websites. (Compl. ¶¶ 72-73, 77-78, 82, 87-88.) Simply drafting code and providing a digital space for videos to reside to the extent USC wants to include videos on their Team Website is not delivering the videos. By analogy, just because a landlord leases space to a Blockbuster, it is not in the business of "delivering" videos. Plaintiffs do not allege Learfield is a VTSP.

    *ii.*  <u>Plaintiffs Do Not Allege That They Are "Consumers."</u>

Plaintiffs allege only that they subscribed to the USC Trojans e-newsletters.[3] (Compl. ¶¶ 28-29.)  Plaintiffs do not allege that they consumed audio visual materials through their status as newsletter subscribers - as required to be a "consumer" under 18 U.S.C. § 2710(a)(1). "The scope of a 'consumer,' when read with sections 2710(b)(1) and (a)(4), is cabined by the definition of 'video tape service provider,' with its focus on the rental, sale or delivery of audio visual materials." *Carter v.*

---

[3]Plaintiffs do not allege that they subscribed to newsletters of any other team.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Scripps Networks, LLC*, No. 22-cv-2031 (PKC), 2023 WL 3061858, at *6 (S.D.N.Y. Apr. 24, 2023). Thus, "[i]n the statute's full context, a reasonable reader would understand the definition of 'consumer' to apply to a renter, purchaser or subscriber of audio-visual goods or services, and not goods or services writ large." *Id.* at *6. This interpretation is also supported by legislative history, which explains that the VPPA "is drafted 'to make clear that simply because a business is engaged in the sale or rental of video materials or services does not mean that all of its products or services are within the scope of the [law].'" *Id.* (quoting S. REP. 599, 12, 1988 U.S.C.C.A.N. 4342-1, 4342–9). Indeed, courts have overwhelmingly dismissed VPPA cases where the plaintiffs allege merely that they subscribed to a newsletter without a consumption of audio video materials through such subscription.[4] Learfield respectfully requests that this Court do the same.

### iii.   *Plaintiffs Do Not Allege That Learfield Disclosed PII.*

The most basic requirement of a VPPA claim is disclosure of "the kind of information that would readily permit ***an ordinary person to identify a specific individual's*** video-watching behavior." *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 267 (3d Cir. 2016) (emphasis added). Plaintiffs' Complaint includes



× Headers  Payload  Preview  Response  Initiator  Timing  Cookies

▼ General

Request URL: https://www.facebook.com/tr/?id=2183951358296598&ev=Microdata&dl=https%3A%2F%2Fusctrojans.com%2Fshowcase%2Fembed.asp
x%3FArchive%3D52%26autoplay%3Dfalse&rl=https%3A%2F%2Fusctrojans.com%2Fsearchresults.aspx%2F3Fq%3Dvideo&if=false&ts=1677797447041&c
d[DataLayer]=%5B%5D&cd[Meta]=%7B%22title%22%3A%22%5Cn%5StVideo%3A%20Pac-12%20Mental%20Health%20-%20University%3Dof%20Southern%20
California%5Cn%22%7D&cd[OpenGraph]=%7B%7D&cd[Schema.org]=%5B%5D&cd[JSON-LD]=%5B%5D&sw=1536&sh=864&v=2.9.97&r=stable&ec=1&o=30&fb
p=fb.1.1675958747183.1384012271&it=1677797445367&coo=false&es=automatic&tm=3&exp=c1&rqm=GET

Request Method: GET

---

[4]*See Salazar v. National Basketball Ass'n.*, No. 1:22-cv-07935, 2023 WL 5016968, at *8-10 (S.D.N.Y. Aug. 7, 2023); *Gardener v. MeTV*, No. 22CV5963, 2023 WL 4365901 (N.D. Ill. Jul. 6, 2023); *Hunthausen v. Spine Media, LLC*, No. 3:22-cv-1970-JES-DDL, 2023 WL 4307163, at *3 (S.D. Ca. Jun. 21, 2023); *Scripps Networks*, 2023 WL 3061858, at *2); *Jefferson v. Healthline Media, Inc.*, No. 3:22-CV-05059-JD, 2023 WL 3668522, at *3 (N.D. Cal. May 24, 2023); *Salazar v. Paramount Global d/b/a 247Sports*, No. 3:22-cv-00756, 2023 WL 4611819, at *19-22 (S.D.N.Y. Apr. 24, 2023); *Tawam v. Feld Ent. Inc.*, No. 23-CV-357-WQH-JLB, 2023 WL 5599007 (S.D. Cal. July 28, 2023).

13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

images of the code allegedly sent to Facebook as illustrative examples of the type of "disclosure" on which they base their claims:



(Compl. ¶ 151, Figure 2.)

(*Id*. ¶ 155, Figure 3; *see also id*. ¶ 157, Figure 4.) This is not "information that would readily permit an ordinary person to identify a specific individual's video-watching behavior," and, therefore, not covered by the VPPA.

### iv. *Plaintiffs Do Not Allege Learfield Knowingly Disclosed PII.*

Unless a VTSP provided notice and obtained consent, it is prohibited from "knowingly disclos[ing], to any person, personally identifiable information concerning any consumer of such provider." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 179 (S.D.N.Y. 2015). The VPPA states that PII "includes information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3). "[T]he information disclosed by a video tape service provider must, at the very least, identify a particular person—not just an anonymous individual—and connect this particular person with his or her viewing history." *Robinson*, 152 F. Supp. 3d at 179.

Plaintiffs fail to allege that Learfield discloses PII for two distinct reasons. First, the Facebook User ID ("FID") is not itself PII. Second, Plaintiffs' allegations clearly state that Plaintiffs' own browsers allegedly transmit their FIDs.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

14
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

### 1. The FID Is Not PII.

The VPPA "protects personally identifiable information that identifies a specific person and ties that person to particular videos that the person watched." *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d at 285 (quoting *In re Hulu Priv. Litig.*, No. C 11-03764 LB, 2014 WL 1724344, at *8 (N.D. Cal. Apr. 28, 2014) (emphasis added)).[5] Plaintiffs fail to allege that Learfield disclosed any "personally identifiable information" because the FID is merely a static digital identifier.[6] Static digital identifiers include such things as a unique device identifier that is "randomly generated when a user initially sets up his device and should remain constant for the lifetime of the user's device." *In re Nickelodeon*, 827 F.3d at 282, n.124 (citing *Ellis v. Cartoon Network*, Inc. 803 F.3d 1251, 1257 (11th Cir. 2015)). These random strings of numbers, when viewed by an ordinary person, do not identify a person. Rather, static digital identifiers "fall[] even further down the spectrum [of identifiable information]" because "[t]o an average person, an IP address or *a digital code in a cookie file would likely be of little help in trying to identify an actual person*." *In re Nickelodeon*, 827 F.3d at 283 (emphasis added).

In *In re Nickelodeon*, the information at issue was plaintiff's IP address, a user's browser and operating system settings, and most importantly, *a computing*

---

[5] *See also Robinson*, 152 F. Supp. 3d at 182 ("the most natural reading of PII suggests that it is the information actually 'disclos[ed]' by a 'video tape service provider,' 18 U.S.C. § 2710(b)(1), *which must itself do the identifying* that is relevant for purposes of the VPPA (literally, 'information which identifies')—*not information disclosed by a provider, plus other pieces of information* collected elsewhere by non-defendant third parties.") (emphasis added).

[6] The *Nickelodeon* court noted that "[n]umerous district courts have grappled with the question of whether the [VPPA] applies to static digital identifiers" and that "[m]ost have followed the rule adopted in *In re Hulu Privacy Litigation*" wherein "[t]he court [] concluded that static digital identifiers that could, in theory, be combined with other information to identify a person do not count as 'personally identifiable information' under the Act, at least by themselves." 827 F.3d at 283 (collecting cases holding the same including *Robinson*, 152 F. Supp. 3d at 182–83; *Eichenberger v. ESPN, Inc.*, No. 14–cv–463 (TSZ), 2015 WL 7252985, at *4–5 (W.D. Wash. May 7, 2015); *Ellis v. Cartoon Network, Inc.*, No. 1:14–CV–484–TWT, 2014 WL 5023535, at *3 (N.D. Ga. Oct. 8, 2014).

15
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' RULE 12(B)(6) AND 12(B)(7) MOTION TO DISMISS PLAINTIFFS' COMPLAINT CASE NO.: 2:23-CV-04493-FLA-MAAx

23

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*device's unique device identifier. Id.* at 281-82. The court explicitly held that "the expansion of privacy laws since the [VPPA's] passage demonstrates that, whatever else 'personally identifiable information' meant in 1988, it did not encompass" such static digital identifiers. *Id.* at 286. And unlike other statutes which "gave the FTC authority to expand the types of information that count as personally identifying under that law," "*t]he [VPPA]…does not empower an administrative agency to augment the definition of 'personally identifiable information' in light of changing circumstances or new technologies*. The meaning of that phrase in the Act is, it would appear, *more static*." *Id.* (emphasis added.) Further, the court explained that Congress's subsequent amendment of the VPPA in 2013 demonstrates Congress was "was keenly aware of how technological changes have affected the original Act" and "*[d]espite this recognition, Congress did not update the definition of personally identifiable information in the statute*." *Id.* "What's more, it chose not to do so despite . . . submitted written testimony that" specifically argued for "the addition of Internet Protocol (IP) Addresses and *account identifiers* to the definition of [personally identifiable information]." *Id.* at 288 (emphasis added).

The FIDs that Plaintiffs allege were disclosed are ***not*** PII because they are merely static digital identifiers that are automatically sent through a cookie file to a single company, which is nothing like the purposeful and public disclosures of actual names with video viewing history to the public at large. *See id.* at 286 ("[t]he classic example will always be a video clerk leaking an individual customer's video rental history," and "every step away from that 1988 paradigm will make it harder for a plaintiff to make out a successful claim.").

### 2. Plaintiffs' Own Browsers Allegedly Disclosed The FID.

Plaintiffs allege that "[w]hen a Pixel event triggers, the parameters included in a Request URL provide websites and Facebook with additional information about the

16

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

event being triggered," which "may include the title of a video being watched or the URL of the video." (Compl. ¶¶ 83-84.) Plaintiffs further allege "[w]hen a Facebook user logs onto Facebook, a 'c_user' cookie—which contains a user's non-encrypted Facebook User ID number (['FID'])—*is automatically created and stored on the user's device* for up to a year." (*Id*. ¶ 138 (emphasis added).) Plaintiffs' allegations clearly state "the Pixel … forced *Plaintiffs' web browser to transfer Plaintiffs' identifying information*, like their Facebook ID." (*Id*. ¶ 348 (emphasis added).)

Plaintiffs' allegations align with how cookies generally work. *In re Facebook, Inc. Internet Tracking Litig.*, explains that "[w]hen a user creates a Facebook account, more than ten Facebook cookies are placed on the user's browser. These cookies store the user's login ID [FID], and they capture, collect, and compile the referer headers from the web pages visited by the user" and "continued to capture information after a user logged out of Facebook and visited other websites." 956 F.3d 589, 596 (9th Cir. 2020).[7]

The dictionary definition of a "cookie" and case law on third-party Facebook cookies make clear that Plaintiffs' FIDs are stored on Plaintiffs' computers—not by Learfield—and subsequently transmitted to Facebook *by Plaintiffs' own browsers because Plaintiffs have given Facebook consent to collect such information*. (Compl. ¶ 138 "When a Facebook user logs onto Facebook, a 'c_user' cookie . . . is automatically created and stored"); *see In re Meta Pixel Healthcare Litig.*, 2022 WL

_____

[7] *See also In re Meta Pixel Healthcare Litig.*, No. 22-cv-03580, 2022 WL 17869218 at *4 (Dec. 22, 2022, N.D. Cal. 2022) ("Cookies are 'small pieces of text used to store information on web browsers.'"); *Mount v. PulsePoint, Inc.,* No. 13 CIV. 6592 (NRB), 2016 WL 5080131, at *1-2 (S.D.N.Y. Aug. 17, 2016) ("Persistent cookies, commonly called 'tracking cookies,' are designed to remain after the user moves on to a different website or even after the browser is closed. Persistent cookies are set by third parties, including advertising companies that have placed ads on the first-party website."). A "cookie" as defined by Merriam-Webster's dictionary is "a small file or part of a file *stored on a World Wide Web user's computer*, created and subsequently read by a website server, and containing personal information (such as a user identification code, customized preferences, or a record of pages visited)." (*See* "Cookie" (df. 3) (https://www.merriam-webster.com/dictionary/cookie) (last visited September 12, 2023) (emphasis added).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

17869218 at *5 ("Meta gives users the ability to control the use of information about their off-Facebook activity (such as activity on third-party websites) for advertising purposes" and "Users can 'disconnect' the off-Facebook activity that has been associated with their account—which prevents the data from being used for personalized advertising"). Because Plaintiffs' specific allegations support that Plaintiffs' FIDs are transmitted by their own website browsers, *which they consented to*—not by Learfield—and because they do not allege that Learfield discloses any other PII to Facebook, Plaintiffs fail to allege that Learfield discloses PII.

### 3. Plaintiffs Fail To Allege That Learfield Knowingly Disclosed PII.

Beyond Plaintiffs' failure to allege that Learfield disclosed PII at all, *see supra* § I(A)(v)(1), they also do not allege that Learfield had any way to know whether Plaintiffs, or any other user, had an FID, much less what those FIDs were, or whether Plaintiffs set their browsers to allow Facebook cookies. Therefore, the Complaint does not assert that Learfield *knowingly* disclosed their FIDs, let alone their PII.

### B.  The VPPA, As Applied To Learfield, Violates The First Amendment.

The VPPA, as applied to Learfield, is far too vague and overbroad. If the VPPA is interpreted as Plaintiffs are advocating, Learfield is potentially subject to the VPPA as a "video tape service provider" and prohibited from sharing otherwise legal commercial information with third parties, as is common in all commercial industries, even though Learfield is nothing like the "video rental store" contemplated by Congress when enacting the VPPA. Rather than make clear the types of entities regulated by the statute, the statute is being interpreted by plaintiffs to allow for regulation of any "business" that "delivers" audio visual materials.

### C.  Certain Parts Of The VPPA Are Facially Unconstitutional.

The VPPA imposes a disproportionately burdensome restraint on protected commercial speech, specifically, "information which identifies a person as having

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

18

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710. To survive First Amendment scrutiny, such a restriction must meet three conditions: (1) the government must have a "substantial interest in regulating the speech," (2) the regulation must "directly and materially advance[ ] that interest," and (3) the regulation must be "no more extensive than necessary to serve the interest." *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557, 566 (1980). Moreover, the restricting "language may not be unconstitutionally vague or its prohibitions too broad in their sweep, failing to distinguish between conduct that may be proscribed and conduct that must be permitted." *Broadrick v. Oklahoma*, 413 U.S. 601, 607 (1973). The VPPA does not satisfy these conditions.

The government cannot demonstrate a "substantial interest" in a blanket restriction on the disclosure of personally-identifiable video viewing information of any business that delivers videos, in particular because Congress never intended such a sweeping restriction. *Supra* § A. And there is no "persuasive evidence" that the VPPA's restrictions are "part of a long tradition of proscription." *Brown v. Entertainment Merchants Assoc.,* 131 S.Ct. 2729, 2734 (2011).

Additionally, the vague terms in the VPPA have resulted in an explosion of litigation, primarily against companies whose businesses look nothing like the brick and mortar "video-tape service provider" Congress intended to regulate. Left undefined in the statute, the expansive dictionary definitions of words like "business" and "delivery" render the scope of restricted companies virtually limitless, and certainly unmoored from the interests expressed by Congress.

Last, the onerous consent process set out in section 2710 of the VPPA—which requires consent for disclosure to be collected (i) in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer; (ii) at the election of the consumer and given either (I) at the time the disclosure is sought; or

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  (II) in advance for a set period of time, not to exceed 2 years or until consent is

2  withdrawn by the consumer, whichever is sooner; and (iii) the video tape service

3  provider has provided an opportunity, in a clear and conspicuous manner, for the

4  consumer to withdraw on a case-by-case basis or to withdraw from ongoing

5  disclosures, at the consumer's election—is far more burdensome than necessary to

6  serve the relevant government interest here. *See Daniel v. Cantrell*, 375 F.3d 377,

7  383-384 (6th Cir. 2004). It would be within the Court's power to invalidate the

8  onerous elements of the consent requirement, including but not limited to 18 U.S.C.

9  § 2710(b)(2)(B)(i)-(iii), to make it consistent with notice and consent to other online

10 terms and conditions. *See Free Enterprise Fund v. Public Company Accounting*

11 *Oversight Bd.*, 561 U.S. 477, 508 (2010); *Barr v. Am. Ass'n of Political Consultants,*

12 *Inc.*, 140 S. Ct. 2335, 2348–56 (2020).

13    **D.    Plaintiffs Fail To State A Claim For Violation Of The CIPA.**

14        CIPA § 631 makes three distinct and mutually independent patterns of conduct

15 unlawful: (1) "'intentional wiretapping [with any telegraph or telephone],' (2)

16 'willfully attempting to learn the contents or meaning of a communication in transit

17 over a wire,' and (3) 'attempting to use or communicate information obtained as a

18 result of engaging in either of the two previous activities.'" *Mastel v. Miniclip SA*,

19 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021) (quoting *Tavernetti v. Sup. Ct. of San*

20 *Diego Cty.*, 22 Cal. 3d 187, 192 (Cal. 1978). Section 631(a) also includes a fourth

21 basis for liability, for anyone "who aids, agrees with, employs, or conspires with any

22 person or persons to unlawfully do, or permit, or cause to be done any of the other

23 three bases for liability." *Id.*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

i. *Plaintiffs Have Not And Cannot State A Claim For Violation Of CIPA Because Plaintiffs Have No Reasonable Expectation Of Privacy In Their Browsing Information.*

Plaintiffs do not have a reasonable expectation of privacy in the browsing information that was sent by the Pixel to the Third Parties. Multiple courts have found that internet users do not have a reasonable expectation of privacy in such website usage data. *See U.S. v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008) (no reasonable expectation of privacy in browsing information because users "should know that this information is provided to and used by Internet service providers for the specific purposes of directing the routing information."); *Matera v. Google Inc.*, No. 15-cv-04062-LHK, 2016 WL 8200619, at *10 (N.D. Cal. Aug. 12, 2016); *see also U.S. v. Heckenkamp*, 482 F.3d 1142, 1148 (9th Cir. 2007) ("no reasonable expectation of privacy" in network logs); *U.S. v. Avecedo-Lemus*, No. SACR 15-00137-CJC, 2016 WL 4208436, at **11-20 (C.D. Cal. Aug. 8, 2016) (no subjective expectation of privacy in IP address "because he routinely disclosed it to third parties, …and the websites he visited on the open Internet."); *Massie v. Gen. Motors LLC*, No. CV 21-787-RGA, 2022 WL 534468, at *2, 5 (D. Del. Feb. 17, 2022) ("Plaintiffs do not have a reasonable expectation of privacy over the anonymized data captured by the Session Replay software at issue here" which recorded "website users' mouse movements, clicks, and keystrokes, producing 'video-accurate renders of real visits' to websites" and "the date, time, and duration of a user's visit, as well as the user's IP address, 'location at the time of the visit[ ],' browser type, and device's operating system.")

ii. *Contents of communications were not disclosed.*

Several courts have held that "contents of a communication" includes "any information concerning the substance . . . of that communication," but does not include record information. *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020); *see also Byars v. Tire*, No. 5:22-cv-01358-SSS-KKx, 2023 U.S. Dist.

21

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

LEXIS 22337, at *11 (C.D. Cal. Feb. 3, 2023) (holding same). Record information refers to the characteristics of the communication, "generated in the course of the communication, such as the name, address, and subscriber number or identity of a subscriber or customer." *Graham*, 533 F. Supp. 3d at 833. Record information also includes "usernames, passwords," the "origin, length, and time of a call, [and] geolocation data." *Id.*; *Brodsky*, 445 F. Supp. 3d 110; *see McCoy v. Alphabet, Inc.*, No. 20-CV-05427-SVK, 2021 WL 405816, at *14 (N.D. Cal. Feb. 2 2021) ("[C]ollecting data on when and how often an Android Smartphone user opens and runs non-Google apps and the amount of time spent on the apps is more akin to login activities and *In re Zynga* forecloses a CIPA claim predicated on this type of record information.").

Indeed, in *Yale v. Clicktale Inc.*, No. 20-cv-07575-LB, 2021 WL 1428400, *1, *3 (N.D. Cal. Apr. 15 2021), plaintiff's CIPA claims were dismissed because all information collected was "non-content information" where Gap's website used a product that "capture[d] ***each of Plaintiff's keystrokes and mouse clicks*** on the [w]ebsite[] . . . [and] also captured the date and time of the visit, the duration of the visit, Plaintiff's IP address, her location at the time of the visit, her browser type, and the operating system on her device." *See also Yoon v. Lululemon, USA Inc.*, 549 F. Supp. 3d 1073, 1082 (C.D. Cal. 2021) (citing to courts that have held ***keystrokes, mouse clicks, pages viewed***, shipping and billing information, date and time of website visit, duration of the visit, and IP address are record information and not protected by CIPA) (emphasis added).

Here, Plaintiffs allege that Learfield disclosed much less than every keystroke and mouse-click that Plaintiffs took on the Team Websites, and rather only allege that search terms embedded in URL strings sent through code were allegedly disclosed to the Third-Parties, amongst other record information such as IP addresses.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

22

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

1 Therefore, Plaintiffs' CIPA claim must be dismissed because no contents of

2 communications were disclosed but rather only record information.

3                 *iii.*    <u>*Plaintiffs Fail To Allege An Underlying Violation Of §*</u>

4                      <u>*631(a)'s First Clause For "Intentional Wiretapping."*</u>

5        To state a claim under Section 631(a)'s first clause, Plaintiffs must allege that

6 Learfield "intentionally tap[ped], or ma[de] any unauthorized connection . . . with

7 any telegraph or telephone wire, line, cable, or instrument …." *Mastel*, 549 F. Supp.

8 3d at 1134 (quoting Cal. Pen. Code § 631(a)) (alterations in original). Here, Plaintiffs

9 allege that "[t]he Operator Defendants purposefully disclosed Plaintiffs'

10 communications to the tracking entities to improve the effectiveness of the tracking

11 entities' advertising and marketing or to place third-party ads on the Team Websites."

12 (Compl. ¶¶ 62-63.) However, as Plaintiffs allege that Learfield are the alleged

13 operators of the Team Websites, any communications submitted to the website are

14 submitted to Learfield, and therefore cannot be "unlawfully intercepted." This is

15 because "[a] party to a conversation is not liable under Section 631(a) for recording

16 its own conversation." *Licea v. Vitacost.com, Inc.*, No. 22-CV-1854-RSH-WVG,

17 2023 WL 5086893, at *3 (S.D. Cal. July 24, 2023); *see also Brodsky v. Apple Inc.*,

18 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020) ("the only communications that Plaintiffs

19 argue Apple 'intercepted' are Plaintiffs' communications to Apple" and "Apple

20 cannot intercept communications to which Apple is already a party."); *Warden v.*

21 *Kahn*, 99 Cal. App. 3d 805, 811, 160 Cal.Rptr. 471 (Ct. App. 1979)) (holding same);

22 *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 897-98, 125 Cal.Rptr. 306 (Ct. App. 1975)

23 (holding same).

24        Further, based on these allegations, Plaintiffs are clearly asserting that

25 Learfield tapped or made an unauthorized connection with a website, not a telephone

26 line. Section 631(a)'s first clause, however, is explicitly limited to communications

27 sent over a "telegraph or telephone," which does not include internet-based

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

23
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

communications between a website and its visitor. *See What if Holdings,* 2022 WL 17869275, at *2 ("[T]he first clause of Section 631(a) concerns telephonic wiretapping specifically, which does not apply to the context of the internet."); *Mastel*, 549 F. Supp. 3d at 1134-35 (collecting decisions holding that this prohibition is limited to communications in "telegraph or telephone" contexts, and dismissing CIPA claim that failed to allege tapping of such communications); *see also In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 825 (N.D. Cal. 2020) (holding same); *Licea*, 2023 WL 2415592, at *5 (holding same); *Byars v. Hot Topic, Inc.*, 2023 WL 2026994, at *8 n.8 (C.D. Cal. Feb. 14, 2023) (holding same).

Because any wiretapping was allegedly done through embedded software code on communications made over the internet and not a "telegraph or telephone wire," Plaintiffs cannot establish an underlying violation by Learfield under the first clause of Section 631(a).

iv.    *Plaintiffs Fail To Allege An Underlying Violation Of §*
       *631(a)'s Second and Third Clause.*

The second clause of § 631(a) penalizes a party who "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state ...." Cal. Penal Code § 631(a). The third clause of § 631(a) penalizes a party who "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained." *Id.*

Plaintiffs' claims under the second and third clause fail because Learfield, as a direct party to the communication, could not have intercepted the communication. Indeed, "courts agree that § 631(a)'s first and second clauses apply only to third parties and not to participants of a communication." *Martin v. Sephora USA, Inc.,*

24

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

No. 122CV01355JLTSAB, 2023 WL 2717636, at *10 (E.D. Cal. Mar. 30, 2023), report and recommendation adopted, No. 122CV01355JLTSAB, 2023 WL 3061957 (E.D. Cal. Apr. 24, 2023).

Plaintiffs' claim under the second or third clause also fail as to disclosures allegedly made to Facebook because Plaintiffs consented to the communication of their website usage information to Facebook. As described *supra* §A(iv)(2), in Facebook's settings, Plaintiffs can choose what cookies to enable and information to be tracked. *See Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 951 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018) (holding that plaintiffs' consent to Facebook's tracking activity barred their statutory and common-law privacy claims).

Additionally, the information allegedly sent to the Third Parties through the Pixel was not "in transit" as required by second clause of § 631 which "imputes liability when the defendant reads, or attempts to read, a communication that is '*in transit* . . . .'" *Mastel,* 549 F. Supp. 3d at 1136 (emphasis added). For a communication "to be intercepted" it "must be acquired during transmission, not while it is in electronic storage." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (analyzing in the context of the Wiretap Act). The Ninth Circuit in *Konop* reasoned that "[t]his conclusion is consistent with the ordinary meaning of 'intercept,' which is 'to stop, seize, or interrupt in progress or course before arrival.'" *Id*. (quoting Webster's Ninth New Collegiate Dictionary 630 (1985)).

Courts applying § 631(a) and the Wiretap Act have acknowledged that, given the speed of modern internet communications, their "application to that form of electronic communication is undoubtedly limited." *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 951 (N.D. Cal. 2014). This is largely because internet communications travel so quickly that there is only an incredibly narrow window during which an interception could occur. *See id*. at 951-52. Indeed, numerous courts have held that while internet communications may be improperly accessed either on

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

25

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

the originating or receiving end, they are not typically intercepted during transmission. *Id*.[8]

Here, Plaintiffs do not allege any facts plausibly showing that the Third Parties intercepted the contents of their communications while in transit. Plaintiffs have not alleged any facts that the Third Parties intercepts those communications before or at the same time they are provided to Learfield on the Team Websites. To the extent Plaintiffs claim that Learfield intercepted the communications while in transit as a third party eavesdropper, this argument fails because as detailed *supra* §D(iii), Plaintiffs allege Learfield owns and operates the Team Websites and, therefore, cannot be eavesdroppers to information submitted on its own website.

Moreover, Plaintiff fails to allege any facts demonstrating that Learfield "read," "attempted to read," or attempted "to learn the contents of any communication" while it was "in transit." *See Adler v. Community.com, Inc.*, 2021 WL 4805435, at *4 (C.D. Cal. Aug. 2, 2021) (dismissing CIPA claim where "there [was] no plausible allegation that Defendant acted to learn the contents of the messages while they were, in a technical sense, in transit or in the process of being received.").

v.   *Plaintiffs Fail To Allege An Underlying Violation Of § 631(a)'s Fourth Clause.*

Plaintiffs cannot assert a valid derivative § 631(a) claim under the aiding and abetting clause against Learfield because Plaintiffs fail to allege that Learfield

___

[8]*See also, e.g., Mintz v. Mark Bartelstein & Assocs. Inc.*, 906 F. Supp. 2d 1017, 1031 (C.D. Cal. 2012); *Licea v. Am. Eagle Outfitters, Inc.*, 2023 WL 2469630, at *10 (C.D. Cal. Mar. 7, 2023); *Mastel*, 549 F. Supp. 3d at 1137; *Pena v. GameStop, Inc.*, 2023 WL 3170047, at *5 (S.D. Cal. Apr. 27, 2023). In *Smith v. Facebook, Inc.*, 262 F. Supp. 3d at 951, the Court found that the Pixel simply allows a connection to occur between the plaintiff's browser and the Facebook server, but "the connection happens independently" and the company using the Pixel "play[s] no part in the exchange of data between Facebook and Plaintiffs.")

26
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

34

violated any aspect of § 631(a) in their own right. Plaintiffs' failure to allege an underlying § 631(a) violation against any party, means that Plaintiffs cannot prove that Learfield aided or abetted that same § 631(a) violation. *Graham v. Noom, Inc*., 533 F. Supp. 3d 823, 833 (N.D. Cal. 2021); *Williams v. What If Holdings, LLC*, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022); *Vitacost.com, Inc*., 2023 WL 5086893, at *3.

### E. <u>Plaintiffs Fail To State A Claim For Violation Of CIPA § 635.</u>

California Penal Code § 635 penalizes "[e]very person who manufactures . . . sells, offers for sale, advertises for sales, possesses . . . or furnishes to another any device which is primarily or exclusively designed or intended for eavesdropping upon the communication of another . . . ." However, § 637.2 provides a private right of action for CIPA violations only where a "person [] has been injured by a violation of this chapter. . . ." Cal. Penal Code § 637.2(a).

In *Yoon v. Lululemon USA, Inc*., 549 F. Supp. 3d 1073, 1085 (C.D. Cal. 2021), the court explained that, "[t]he parties do not cite, and the Court could not find, authority on whether § 637.2(a) provides a private right of action for claims arising under § 635. The language of the CIPA is far more straightforward than the Wiretap Act: only a person 'who has been injured by a violation of this chapter' may assert a civil claim." The court, therefore, held that because "Quantum Metric's manufacture, assembly, sale, advertisement, transportation, import, or furnishing of Session Replay did not directly injure Yoon" but rather, "Yoon alleges that Lululemon's *use* of Session Replay injured her, CIPA § 637.2 does not provide Yoon with a private right of action to enforce CIPA § 635 against Quantum Metric." *Id*. Similarly here, Plaintiffs do not allege that Learfield's furnishing of the Pixel to USC directly injured Plaintiffs, but rather that their *use* on the Team Websites did. (*See e.g.* Compl. ¶ 13, 15, 22.)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

27

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

1    Moreover, because Plaintiffs fail to allege wiretapping under CIPA § 631,

2    Plaintiffs do not have a viable § 635 claim. *See Yale*, 2021 WL 1428400, at *3 ("the

3    plaintiff does not plausibly plead Clicktale's wiretapping" therefore, "there is no

4    section 635(a) claim because there is no wiretapping.") Therefore, Plaintiffs' § 635

5    claim should be dismissed.

6    **F.    Plaintiffs Fail To State A Claim For Invasion Of Privacy.**

7    For an invasion of privacy claim, defendant's actions must be "sufficiently

8    serious in their nature, scope, and actual or potential impact to constitute an egregious

9    breach of the social norms underlying the privacy right." *Folgelstrom v. Lamps Plus,*

10   *Inc.*, 195 Cal. App. 4th 986, 992, 125 Cal. Rptr. 3d 260, 265 (2011), *as modified*

11   (June 7, 2011). Plaintiffs generally allege that they have "a reasonable expectation

12   that their communications and other data would remain confidential and that

13   Defendants would not install wiretaps on the Team Websites." (Compl. ¶ 404.)

14   However, multiple courts have found that Plaintiffs do not have a reasonable

15   expectation of privacy in the browsing information that was sent by the Pixel to the

16   Third Parties. *Supra* §D(i). Further, "[t]o prove actionable intrusion, the plaintiff

17   must show the defendant penetrated some zone of physical or sensory privacy

18   surrounding, or obtained unwanted access to data about, the plaintiff. The tort is

19   proven only if the plaintiff had an objectively reasonable expectation of seclusion or

20   solitude in the place, conversation or data source." *Folgelstrom*, 195 Cal. App. 4th at

21   992. As further explained *supra* §I(D)(iii), Learfield did not penetrate any "zone of

22   physical or sensory privacy surrounding, or obtain[] unwanted access to data about,

23   the plaintiff" because Learfield had a right to Plaintiffs' website browsing data as the

24   alleged Team Websites' owner.

25   **G.    Plaintiffs Fail To State A Claim For Violation Of The Wiretap Act.**

26   To succeed on a Wiretap Act claim, Plaintiffs must prove, in relevant part, that:

27   (1) a person intentionally disclosed, or endeavored to disclose, to any other person;

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

(2) the contents of any wire, oral, or electronic communication; (3) knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection; (4) without the party's consent. 18 U.S.C.A. § 2511.

### i. *All Parties consented to the disclosure.*

First, Learfield consented to the communications because Plaintiffs allege that Learfield owned or operated the Team Websites. (*See supra* §I(D)(iii).) Therefore, any information Plaintiffs entered into the Team Websites, Learfield consented to receive, and was party to, and Learfield cannot be liable for a violation of the Wiretap Act.

Moreover, as it pertains to the information allegedly disclosed to Facebook, Plaintiffs consented to the communication of their website usage information to Facebook, as explained *supra* §A(iv)(2).

### ii. *"Contents" of communication were not disclosed.*

The contents of Plaintiffs' communications were not disclosed. Under the Wiretap Act, "contents" is defined as "any information concerning the substance, purport, or meaning of [a] communication." 18 U.S.C. § 2510(8). The Ninth Circuit explained the term "contents" means "the intended message conveyed by the communication and does not include record information regarding the characteristics of the message that is generated in the course of the communication." *In re Zynga Priv. Litig.,* 750 F.3d 1098, 1106 (9th Cir. 2014) (citing *United States v. Reed*, 575 F.3d 900, 917 (9th Cir.2009); *Gilday v. Dubois*, 124 F.3d 277, 296 n. 27 (1st Cir.1997). Plaintiffs allege only that search terms embedded in computer code automatically created upon a users' visit to the Team Websites were disclosed to Third Parties, amongst other record information such as IP addresses. *Supra* §(D)(ii). Therefore, Plaintiffs' CIPA claim should be dismissed because no contents of communications were disclosed.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

*iii.* <u>*The Information Was Not "Intercepted."*</u>

2

To state a claim under the Wiretap Act, Plaintiffs must allege that Learfield

3

disclosed the information "knowing or having reason to know that the information

4

*was obtained through the interception* of a wire, oral, or electronic communication

5

in violation of this subsection." 18 U.S.C.A. § 2511 (emphasis added). The

6

information was not obtained through interception because Plaintiffs allege that

7

Learfield owns or operates the Team Websites. *Supra* § I(D)(iii).   Therefore,

8

Plaintiffs' Wiretap Act claim fails.

9

**H.    <u>Complaint Should Be Dismissed Because USC Is An Indispensable</u>**

10

**<u>Party.</u>**

11

Plaintiffs' Complaint should be dismissed because the USC is an indispensable party.

12

F.R.C.P. 12(b)(7); F.R.C.P. 19(a).  Plaintiffs' claims concern allegedly concerted

13

conduct by USC and Learfield, which allegedly produced a singular purported

14

statutory violation for which the Court cannot accord complete relief in the absence

15

of USC and would leave Learfield open to a risk of incurring double or otherwise

16

inconsistent obligations.

17

<u>CONCLUSION</u>

18

WHEREFORE, Learfield respectfully moves to dismiss Plaintiffs' Complaint

19

with prejudice for failure to state a claim upon which relief can be granted.

20

Respectfully submitted,

21

22

Dated:  September 21, 2023          **BAKER & HOSTETLER LLP**

23

24

By:   */s/ Teresa C. Chow*
TERESA C. CHOW

25

*Attorneys for Defendants*
LEARFIELD COMMUNICATIONS, LLC

26

AND SIDEARM SPORTS, LLC

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Learfield Communications, LLC and Sidearm Sports, LLC certifies that this brief contains 6,952 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 21, 2023          /s/ *Teresa C. Chow*
                                   TERESA C. CHOW

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

31
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' RULE 12(B)(6) AND 12(B)(7)
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
CASE NO.: 2:23-CV-04493-FLA-MAAx

# Applications/Ex Parte Applications/Motions/Petitions/Requests

[2:23-cv-04493-FLA-MAA Emily](#)
[Heerde et al v. Learfield](#)
[Communications, LLC et al](#)

ACCO,
(MAAx),DISCOVERY,MANADR

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Chow, Teresa on 9/21/2023 at 4:43 PM PDT and filed on 9/21/2023
**Case Name:**       Emily Heerde et al v. Learfield Communications, LLC et al
**Case Number:**    [2:23-cv-04493-FLA-MAA](#)
**Filer:**               Learfield Communications, LLC
                        Sidearm Sports, LLC
**Document Number:** [38](#)

**Docket Text:**
**NOTICE OF MOTION AND MOTION to Dismiss Case filed by Defendants Learfield Communications, LLC, Sidearm Sports, LLC. Motion set for hearing on 10/20/2023 at 01:30 PM before Judge Fernando L. Aenlle-Rocha. (Attachments: # (1) Memorandum, # (2) Proposed Order) (Chow, Teresa)**

**2:23-cv-04493-FLA-MAA Notice has been electronically mailed to:**

Adam Marc Apton      aapton@zlk.com, ecf@zlk.com

Adrian Robert Bacon      abacon@toddflaw.com, abacon@attorneysforconsumers.com, ecampany@toddflaw.com

Mark S. Reich      mreich@zlk.com, aherda@zlk.com, ecf@zlk.com

Michael L. Mallow      mmallow@shb.com, dhillburn@shb.com, michael-mallow-1878@ecf.pacerpro.com

Rachel Aleeza Straus      rstraus@shb.com, dhillburn@shb.com, rachel-straus-7599@ecf.pacerpro.com

Teresa C. Chow      tchow@bakerlaw.com, nbrazil@bakerlaw.com

**2:23-cv-04493-FLA-MAA Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\Learfield (Heerde) - Notice of Motion to Dismiss.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/21/2023] [FileNumber=36582501-0
] [42e85bb719ded4b7759638addfd43f8d1e2a03303bd6d446fe0a30fe5b88e166922
7d716beb6e363618992614afe38332e66589f273941608d8b74966b0efb8d]]
**Document description:** Memorandum
**Original filename:** C:\fakepath\Learfield (Heerde) - Memo iso Motion to Dismiss.pdf
**Electronic document Stamp:**

[STAMP cacdStamp_ID=1020290914 [Date=9/21/2023] [FileNumber=36582501-1
] [acea0c55be32827a6dda318fed10ab7c31ee701c8fc2a8537d08a7d4b04e24a961c
0fbeebfafbaa13d6546e52056252a954b0b8d4a5b1facd366e21c215069fa]]

**Document description:**Proposed Order
**Original filename:**C:\fakepath\Learfield (Heerde) - Proposed Order to Dismiss.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/21/2023] [FileNumber=36582501-2
] [a5f00fb4ebf86e0b0f072019edee0f445d838062ac49f4632097c00808cea6af49f
50650179f976fd7c7fbef3239a0af53d52dec743316151830ccd9e8528af7]]

**PROOF OF SERVICE**

I, Nancy L. Brazil,  declare:

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA   90025-0509.   On September 21, 2023, I served a copy of the within document(s):

**FED. R. CIV. P. 5.1 NOTICE OF CONSTITUTIONAL QUESTION**

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail via Certified Mail, Return Receipt Requested, at Los Angeles, California addressed as set forth below.

☐   by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date and the transmission was reported as complete and without error.

U.S. Attorney General
Merrick B. Garland
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC  20530-0001

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 21, 2023, at Los Angeles, California.

_____
Nancy L. Brazil