UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADEL GRAGEOLA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WALMART ASSOCIATES, INC., et al.,<br><br>　　　　　Defendants. | Case No. 5:23-cv-02210-FLA (SHKx)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. Courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). Thus, a notice removing an action from state court to federal court must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides [shall] submit proof," and the court may then decide whether the defendant has proven the amount in controversy "by a preponderance of the evidence." *Id.* at 88–89. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The court has reviewed the Notice of Removal and is presently unable to conclude it has subject matter jurisdiction under 28 U.S.C. § 1332(a). In particular, and without limitation, the court finds that the allegations in the Notice of Removal do not demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.

The parties are ORDERED TO SHOW CAUSE, in writing only, within fourteen (14) days from the date of this Order, why this action should not be remanded for lack of subject matter jurisdiction because the amount in controversy does not exceed the jurisdictional threshold. The parties are encouraged to submit evidence

and/or judicially noticeable facts in response to the court's Order. Responses shall be limited to ten (10) pages in length. The parties should consider this Order to be a two-pronged inquiry into the facial and factual sufficiency of Defendant's demonstration of jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).

As Defendants are the parties asserting federal jurisdiction, Defendants' failure to respond timely and adequately to this Order shall result in remand of the action without further notice.

IT IS SO ORDERED.

Dated: November 30, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge

3