TERESA C. CHOW (SBN 237694)
tchow@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859

*Attorneys for Defendants*
LEARFIELD COMMUNICATIONS, LLC
and SIDEARM SPORTS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY HEERDE and MARK HAINES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEARFIELD COMMUNICATIONS, LLC, SIDEARM SPORTS, LLC, and UNIVERSITY OF SOUTHERN CALIFORNIA,<br><br>Defendants. | Case No.: 2:23-cv-04493-FLA-MAAx<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>DATE:   12/01/2023<br>TIME:   1:30 p.m.<br>CTRM:   6B<br><br>Case Filed:   06/08/2023 |

Defendant Learfield Communications, LLC and Sidearm Sports, LLC (collectively "Learfield"), by and through their undersigned counsel, hereby give notice of the Memorandum Opinion and Orders in *Brown v. Learfield Communications, LLC*, No. 1:23-cv-00374-DAE (slip op.) (W.D. Tex. Jan. 29, 2024) (Ezra, J.) (attached hereto as Exhibit 1), *Rebeka Rodriguez v. Delta T LLC*, No. 223CV03717HDVAGR, 2023 WL 9419152, at *4 (C.D. Cal. Dec. 12, 2023) (Vera, J.) (attached hereto as Exhibit 2), and *Nicole Pileggi v. Washington Newspaper Publishing Company, LLC*, No. CV 23-345 (BAH), 2024 WL 324121, at *11 (D.D.C.

1
NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS
CASE NO.: 2:23-CV-04493-FLA-MAAx

Jan. 29, 2024) (Howell, J.) (attached hereto as Exhibit 3) which support the arguments Learfield makes in its pending Motion to Dismiss (Doc. 38 at 11-13) and which were issued after briefing on the Motion to Dismiss closed.

*Brown* is a case involving a similarly deficient complaint filed against Learfield by the same Plaintiffs' counsel that filed this case. In what is now the third opinion dismissing VPPA claims filed by this Plaintiffs' counsel against Learfield, the *Brown* court held that Plaintiff did not sufficiently allege he was a consumer protected by the VPPA by virtue of signing up for an email newsletter. The *Brown* court discussed the opinion granting Learfield's motion to dismiss in *Edwards v. Learfield Communications, LLC*, No. 1:23-CV-65-AW-MAF, 2023 WL 8544765, at *6 (N.D. Fla. Oct. 6, 2023), "concur[red] with the ultimate result of" *Edwards*, "agree[d] that under the *Ellis* factors, the Northern District of Florida Court came to the correct conclusion," and described *Edward*'s holding as "an independent and adequate ground to resolve the case." *Brown* at 18. The *Brown* court then went on to adopt the reasoning from *Carter v. Scripps Networks, LLC*, No. 22-cv-2031 (PKC), 2023 WL 3061858 (S.D.N.Y. Apr. 24, 2023) and held "that the VPPA only applies to consumers (including subscribers) of audio video services." *Brown* at 20. The *Brown* court reasoned:

> In the case at hand, Plaintiffs do not allege that the videos are in the newsletter. Rather the newsletter links to videos on the website which the public can access without signing up for the newsletter. (Dkt. #1 at ¶ 3.) The Complaint does not include facts that plausibly allege that their status as newsletter subscribers was a condition to accessing the site's videos, or that it enhanced or in any way affected their viewing experience.
> ***
> [T]he link in this case does not direct the subscriber to any exclusive content behind a paywall that is only accessible because the user provides valuable data in exchange for a subscription. The link transfers to an open domain that can be accessed by anyone whether or not they subscribe to the newsletter.
> ***
> In this case, there is no allegation that a user must log in to watch the video, and Plaintiff does not allege that the video content he accessed was exclusive to a subscribership. Plaintiffs were subscribers to newsletters, not subscribers to audio visual materials.

*Brown* at 25-26.

In *Rodriguez,* the court held that Plaintiff did not sufficiently allege that defendant was a "video tape service provider" under the VPPA by virtue of hosting videos on its website for marketing purposes, reasoning that:

> Referencing ten specific videos on Defendant's website, the FAC alleges the videos "show[ ] how to assemble, wire, and install certain ceiling fan products offered for sale on the Website." Id. ¶ 43 (emphasis added); see id. ¶ ¶ 35–42, 44–45.2 In Plaintiff's own words, the videos provide information about Defendant's products—its ceiling fans—and are a marketing tool to promote those products, nothing more. It strains credulity to argue, as Plaintiff does here, that Defendant is "engaged in the business" of delivering video content by including on its website a handful of videos discussing how to install and calibrate its ceiling fans. Simply put, the FAC fails to allege how these video tutorials are a central focus of Defendant's business, nor could any plausible amendment remedy this fatal deficiency.

The *Rodriguez* Court also held that Plaintiff did not sufficiently allege she was a "consumer" under the VPPA by virtue of downloading Defendant's mobile app, reasoning that:

> The Court finds that Plaintiff's bare allegation that she downloaded Defendant's mobile app is inadequate to allege that she is a "subscriber" of Defendant's video services. The FAC alleges no facts whatsoever to establish a "substantial and ongoing" relationship with Defendant or its app, such as whether Plaintiff paid to download the app, how often she uses it, or what information she provided in order to download or use it. It also does not allege whether she views any of Defendant's video content on its mobile app. Having failed to plausibly allege that Plaintiff is a "subscriber" of Defendant's video services, the FAC does not adequately plead that she is a "consumer" under the VPPA.

*Rodriguez,* 2023 WL 9419152 at *4.

Similarly, in *Pileggi*, the court held that Plaintiff did not sufficiently allege he was a consumer protected by the VPPA by virtue of signing up for an email newsletter provided by the defendants, reasoning that:

> By failing to link her newsletter subscription to the "viewing of [Washington Examiner's] video offerings," *Golden*, 2023 WL 5434378, at *11, or to allege that the "subscription allowed [ ] access to the videos on the [Washington Examiner] site that any member of the public would not otherwise have," *Salazar*, 2023 WL 5016968, at *9 (citations omitted), plaintiff has alleged only that she was a subscriber to Washington Examiner's newsletter, not to "audio-visual goods or services" provided by Washington Examiner, Pl.'s Opp'n at 19 (quoting *Carter*, 2023 WL 3061858, at *6). This is insufficient to make plaintiff

3
NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS
CASE NO.: 2:23-CV-04493-FLA-MAA

a " 'consumer' ... of goods or services from a video tape service provider" entitled to bring a cause of action under the VPPA. *Pileggi,* 2024 WL 324121, at *11. The court further expressed skepticism that "a 'media company that operates a news website and publishes a weekly magazine'" would qualify as a "video tape service provider," though it did not reach that issue because the consumer issue was dispositive. *Id.* at n.7.

Respectfully submitted,

Dated: January 30, 2024    **BAKER & HOSTETLER LLP**

By: /s/ Teresa C. Chow
TERESA C. CHOW

*Attorneys for Defendants*
LEARFIELD COMMUNICATIONS, LLC
and SIDEARM SPORTS, LLC