# EXHIBIT 2

2023 WL 9419152
Only the Westlaw citation is currently available.
United States District Court, C.D. California.

REBEKA RODRIGUEZ, Plaintiff,
v.
DELTA T LLC, Defendant.

Case No. 2:23-cv-03717 HDV AGR
|
Filed 12/12/2023

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [24]

Hernán D. Vera United States District Judge

**I. INTRODUCTION**
*1 Plaintiff Rebeka Rodriguez brings this lawsuit against Defendant Delta T LLC,[1] a company that sells large ceiling fans, asserting it violates the Video Privacy Protection Act ("VPPA"). Before the Court is Defendant's Motion to Dismiss First Amended Complaint ("Motion"), which seeks dismissal of Plaintiff's First Amended Complaint ("FAC") on the grounds that the Court lacks personal jurisdiction over Defendant and the FAC fails to allege sufficient facts to support a VPPA claim. More specifically, Defendant argues that the FAC fails to plausibly allege three essential elements of a VPPA claim: (1) that Defendant is a "video tape service provider," (2) that Plaintiff is a "consumer," and (3) that Defendant disclosed "personally identifiable information," under the Act.

As detailed below, the Court finds personal jurisdiction over Defendant to be proper. However, the Court also concludes that the FAC fails to state a VPPA claim, and that further amendment would be futile. The Motion is granted and the FAC dismissed without leave to amend.

**II. BACKGROUND**
Defendant is a Kentucky-based company that sells large ceiling fans throughout the United States. FAC ¶ 5. Plaintiff is a consumer privacy advocate who watched a video titled, "Ask Big Ass Fans – Competitor Comparison" on Defendant's website in Spring 2023. *Id.* ¶¶ 4, 12, 18. When she played the video on Defendant's website, Defendant disclosed certain information to Google, including the page title and URL, video title and URL, and a unique personal identification number referred to as a _gid cookie. *Id.* ¶¶ 14, 15, 20. She also downloaded Defendant's mobile application onto her smartphone. *Id.* ¶ 17.

On May 15, 2023, Plaintiffs initiated this putative nationwide class action asserting a violation of the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.* [Dkt. No. 1]. Defendant filed the present Motion on August 4, 2023 and it is fully briefed. [Dkt. Nos. 24, 28, 29]. On October 26, 2023, the Court heard oral argument and took the Motion under submission.

**III. LEGAL STANDARD**
Federal Rule of Civil Procedure 12(b)(2) allows a party to seek to dismiss a complaint because the court lacks personal jurisdiction. The plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(2) without an evidentiary hearing, a plaintiff need only make a prima facie showing of jurisdictional facts. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) ("[W]e only consider whether the [plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction."). "[U]ncontroverted allegations in the complaint must be taken as true." *Schwarzenegger*, 374 F.3d at 800.

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Only where a plaintiff fails to "nudge[ ] [his or her] claims ... across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires

the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV. DISCUSSION

### A. Personal Jurisdiction

**\*2** Defendant argues that personal jurisdiction is not proper because Plaintiff does not and cannot adequately allege that Defendant's contacts with California meet the requirements for specific jurisdiction. Motion at 4–8. Specifically, it contends that Plaintiff cannot allege that Defendant purposefully directed its activities toward California. *Id.*

Personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process." *Pebble Beach*, 453 F.3d at 1145–55 (citation omitted). California authorizes jurisdiction on any basis consistent with federal due process requirements. Cal. Civ. Proc. Code. § 410.10; *Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991). The Fourteenth Amendment's Due Process Clause requires that a defendant have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction over a nonresident defendant may be general or specific. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414–16 (1984). In this case, Plaintiff argues that the Court has specific jurisdiction over Defendant. Motion at 1. A court has specific jurisdiction over a claim that arises out of a defendant's forum-related activities. *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993). To establish specific jurisdiction, the following three-part test must be met:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which she purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice,

i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citation omitted). Plaintiff bears the burden of satisfying the first two prongs of the test. *Id.* The burden then shifts to Defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

For the first prong of the specific jurisdiction test, courts use "purposeful availment" for claims sounding in contract and "purposeful direction" for claims sounding in tort. *Id.* Plaintiff's VPPA claim sounds in tort, so the Court applies the purposeful direction analysis here. To determine whether a defendant purposefully directs his activities at the forum state, courts apply the "effects test" outlined in *Calder v. Jones*, 465 U.S. 783 (1984), which considers whether the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Id.* at 803. As to the second element, the Ninth Circuit recently held that a defendant "expressly aims" its conduct at a forum where, "in its regular course of business, [it] sells a physical product via an interactive website and causes that product to be delivered to the forum." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1093 (9th Cir. 2023).

**\*3** Here, Plaintiff makes a sufficient prima facie showing to meet the first two prongs of the specific jurisdiction test. The FAC alleges, "When Plaintiff played the video on the Website, Defendant *knowingly* disclosed the title to Google, along with numerous identifiers that constitutes [personally identifiable information]," FAC ¶ 20 (emphasis added), and "[Defendant] used that data to build audiences on Google and retarget them for its advertising campaigns," *id.* ¶ 55. It further alleges, "Defendant generates a minimum of eight percent of its online revenues based upon its website interactions with Californians such that the website 'is the equivalent of a physical store in California.' " *Id.* ¶ 3. In addition, Defendant's website functions as an online store to sell its physical products. *Id.* ¶ 43; Declaration of Scott J. Ferrell ¶ 2, Exhibit 1 [Dkt. Nos. 28-1, 28-2]. Defendant did not submit an affidavit or any other evidence to contradict these allegations. Nor does it present a compelling case that the exercise of jurisdiction would not be reasonable under the third prong of the specific jurisdiction test. The Court finds that specific personal jurisdiction over Defendant is proper.

### B. VPPA Claim

REBEKA RODRIGUEZ, Plaintiff, v. DELTA T LLC, Defendant., Slip Copy (2023)
2023 WL 9419152

Congress enacted the VPPA in 1988 to "preserve personal privacy with respect to the rental, purchase or delivery of video tapes or similar audio visual materials." S. Rep. 100-599 at 1 (1988); *see also* Mollett v. Netflix, Inc., 795 F.3d 1062, 1066 (9th Cir. 2015) ("The VPPA was enacted in 1988 in response to the *Washington City Paper*'s publication of then-Supreme Court nominee Robert Bork's video rental history."). The Act provides that "[a] video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider shall be liable to the aggrieved person ...." 18 U.S.C. § 2710(b)(1). To plead a claim under the VPPA, a plaintiff must plausible allege that: (1) the defendant is a "video tape service provider," (2) the defendant disclosed "personally identifiable information concerning any [consumer]" to "any person," (3) the disclosure was made knowingly, and (4) the disclosure was not authorized by Section 2710(b)(2)." *Mollett*, 795 F.3d at 1066.

### 1. Video Tape Service Provider

The VPPA defines a "video tape service provider" as "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials ...." 18 U.S.C. § 2710(a)(4). "[F]or the defendant to be 'engaged in the business' of delivering video content, the defendant's product must not only be substantially involved in the conveyance of video content to consumers but also significantly tailored to serve that purpose." *In re Vizio, Inc.*, 238 F. Supp. 3d 1204, 1221 (C.D. Cal. 2017); *see id.* ("When used in this context, 'business' connotes 'a particular field of endeavor,' *i.e.*, a focus of the defendant's work."). Indeed, courts in the Ninth Circuit have recognized consistently that delivering video content must be central to the defendant's business or product for the VPPA to apply. *See, e.g., Carroll v. Gen. Mills, Inc.*, No. 23-cv-1746-DSF-MRW, 2023 WL 4361093, at *4 (C.D. Cal. June 26, 2023) ("The videos on the website are part of Defendant's brand awareness, but they are not Defendant's particular field of endeavor. Nothing suggests that Defendant's business is centered, tailored, or focused around providing and delivering audiovisual content."); *Cantu v. Tapestry, Inc.*, No. 22-cv-1974-BAS-DDL, 2023 WL 6451109, at *4 (S.D. Cal. Oct. 3, 2023) ("That the videos are used for marketing purposes, as admitted in the SAC, demonstrates that they themselves are not Defendant's product and therefore are only peripheral to Defendant's business.").

Applying this standard, the Court finds that the FAC does not plausibly allege that Defendant is a video tape service provider under the VPPA. The FAC alleges Defendant "sells large ceiling fans throughout the United States" and "owns, operates, and/or controls the Website and offers multiple videos for consumers to view and play through the Website." FAC ¶ 5. It further alleges:

> **\*4** Defendant has designed and developed the Website so that it is significantly tailored to deliver video content to consumers. The delivery of video content to consumers on the Website is a core component of the Website, which is *a critical marketing channel* used by Defendant to attract potential, new customers and retain existing customers with appealing video content. Defendant has incurred significant expense to design and maintain the Website to deliver video content to consumers.

*Id.* ¶ 30 (emphasis added). Referencing ten specific videos on Defendant's website, the FAC alleges the videos "show[ ] *how to* assemble, wire, and install certain ceiling fan products offered for sale on the Website." *Id.* ¶ 43 (emphasis added); *see id.* ¶¶ 35–42, 44–45.[2] In Plaintiff's own words, the videos provide information about Defendant's products—its ceiling fans—and are a marketing tool to promote those products, nothing more. It strains credulity to argue, as Plaintiff does here, that Defendant is "engaged in the business" of delivering video content by including on its website a handful of videos discussing how to install and calibrate its ceiling fans. Simply put, the FAC fails to allege how these video tutorials are a central focus of Defendant's business, nor could any plausible amendment remedy this fatal deficiency.

### 2. Consumer

The VPPA only applies to "consumers" defined as "any renter, purchaser, or subscriber of goods or services from a video tape service provider." 18 U.S.C. § 2710(a)(1); *see also Carter v. Scripps Networks, LLC*, --- F. Supp. 3d ---,

No. 22-cv-2031-PKC, 2023 WL 3061858, at *6 (S.D.N.Y. Apr. 24, 2023) ("In the statute's full context, a reasonable reader would understand the definition of 'consumer' to apply to a renter, purchaser or subscriber of audio-visual goods or services, and not goods or services writ large."). Plaintiff specifically alleges she is a "subscriber" because she downloaded Defendant's mobile app onto her smartphone. FAC ¶ 17. To plausibly allege she is a subscriber under the VPPA, a plaintiff must allege an association with the defendant that is "sufficiently substantial and ongoing." *In re Vizio*, 238 F. Supp. 3d at 1223 (finding that the plaintiffs plausibly alleged they were subscribers because they paid for the defendant's application and defendant "continues to service them" through software updates and other features); *see also Ellis v. Cartoon Network, Inc.*, 803 F.3d 1251, 1252 (11th Cir. 2015) ("A person who downloads and uses a free mobile application on his smartphone to view freely available content, without more, is not a 'subscriber' ... under the VPPA."); *Yershov v. Gannett Satellite Info. Network, Inc.*, 820 F.3d 482, 489 (1st Cir. 2016) (concluding that the plaintiff plausibly established he was a "subscriber" because when he downloaded defendant's mobile app, he provided personal information such as his Android ID and his mobile device's GPS location at the time he viewed a video, which was "a commitment to provide consideration in the form of that information").

**\*5** The Court finds that Plaintiff's bare allegation that she downloaded Defendant's mobile app is inadequate to allege that she is a "subscriber" of Defendant's video services. The FAC alleges no facts whatsoever to establish a "substantial and ongoing" relationship with Defendant or its app, such as whether Plaintiff paid to download the app, how often she uses it, or what information she provided in order to download or use it. It also does not allege whether she views any of Defendant's video content on its mobile app. Having failed to plausibly allege that Plaintiff is a "subscriber" of Defendant's video services, the FAC does not adequately plead that she is a "consumer" under the VPPA.

## V. CONCLUSION

To summarize, although personal jurisdiction over Defendant is proper, Plaintiff's FAC fails to state a VPPA claim on two independent grounds. Because Plaintiff has already amended the complaint once as a matter of course, *see* [Dkt. Nos. 1, 22], and since the fatal deficiencies vis-à-vis the "video tape service provider" requirement cannot be plausibly remedied by further pleading, the Court finds that amendment would be futile and dismisses the First Amended Complaint without leave to amend. *See Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020).[3]

**All Citations**

Slip Copy, 2023 WL 9419152

---

**Footnotes**

1. DBA www.bigassfans.com.

2. Specifically, these videos are "How Do I Pair My Bluetooth Remote?", *id.* ¶ 35; "How Do I Change My Bluetooth Remote's Battery?," *id.* ¶ 36; "How Do I Find My Fan's Serial Number?," *id.* ¶ 37; "I6 Universal Mount Installation," *id.* ¶ 38; "Proper Uplight Maintenance," *id.* ¶ 39; "ES6 Installation," *id.* ¶ 40; "I6 Flush Mount Installation," *id.* ¶ 41; "Haiku Low-Profile Installation," *id.* ¶ 41; an installation video for the "ES6 Ceiling Fan: White", *id.* ¶ 44; and an installation video for the Haiku Gen 4, *id.* ¶ 45.

3. Because the FAC fails to state a claim on the grounds discussed above, the Court does not reach the argument regarding "personally identifiable information" briefed by the parties.

---

End of Document © 2024 Thomson Reuters. No claim to original U.S. Government Works.