UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY HEERDE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>LEARFIELD COMMUNICATIONS, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 2:23-cv-04493-FLA (MAAx)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE RE: VENUE AND DENYING STIPULATION TO STAY** |

### RULING

On September 21, 2023, Defendants Learfield Communications, LLC ("Learfield") and Sidearm Sports, LLC ("Sidearm") (together, "Defendants") filed a Motion to Dismiss Plaintiffs Emily Heerde and Mark Haines's (together, "Plaintiffs") Complaint.  Dkt. 38.  Defendants stated: "In the event Plaintiffs' Complaint is not dismissed in its entirety, [Defendants] intend[] to file a motion to transfer this action to the Northern District of New York where [Defendants] will transfer three other pending VPPA cases, brought against the same Learfield entities by the same Plaintiffs' firm[.]" Dkt. 38-1 at 9 n. 2.

On December 13, 2023, the court ordered the parties to show cause (the "OSC")

why the action should not be transferred to the Northern District of New York. Dkt. 67. Both Plaintiffs and Defendants filed responses. Dkts. 69, 70 ("Defs. Resp.").

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." A motion to transfer lies within the broad discretion of the court and requires "an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks omitted)).

In making this determination, courts may consider factors including:

> (1) the location where [any] relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Id.* at 498–99, *cited in e.g., Gay v. Shaffer*, 831 Fed. App'x 352, 353 (9th Cir. 2020). Courts in the Ninth Circuit commonly consider also (1) the convenience of the parties and witnesses, (2) the feasibility of consolidation with other claims, (3) any local interest in the controversy, and (4) the relative court congestion and time of trial in each forum. *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009). "[T]he moving party must establish … that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Id.* at 1155–56.

The court, having considered the parties' responses to the OSC with reference to the *Jones* factors, hereby DISCHARGES the OSC and DECLINES TO TRANSFER the action. In support of their position, Defendants argue the Northern

1  District of New York is the more proper venue for this action, because Sidearm is
2  headquartered in New York and its employees, "who can testify as to Sidearm's
3  design of the Website infrastructure," are located there.  *See* Defs. Resp. at 3.
4  However, Defendants provide no other facts to support their position beyond
5  convenience to Sidearm and its employees.  For example, there is no evidence any
6  relevant agreement was negotiated in New York, that any of Plaintiffs' causes of
7  action accrued in New York, that Defendants had no contact with the Plaintiffs'
8  choice of forum, that compulsory process would be available to compel the attendance
9  of unwilling non-party witnesses located outside the Northern District of New York,
10 or that the ease of access to proof to any party other than Sidearm would be sufficient.
11 *See generally id.*
12        While a plaintiff's choice of forum is entitled to less deference in a putative
13 class action (*see Metz v. United States Life Ins. Co. in City of New York*, 674 F. Supp.
14 2d 1141, 1146 (9th Cir. 2009)), the court cannot conclude, given the evidence before
15 it, that the Northern District of New York is the more appropriate venue for this
16 action.
17        The court further DENIES the parties' Joint Stipulation for a Stay (Dkt. 75).

19        IT IS SO ORDERED.

21 Dated: February 8, 2024

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge